Arthur S. and Virginia L. McKenzie v. Commissioner.
Arthur S. & McKenzie v. Commissioner
Docket No. 30042.
United States Tax Court
1952 Tax Ct. Memo LEXIS 238; 11 T.C.M. (CCH) 437; T.C.M. (RIA) 52126; May 2, 1952
*238 On the record, the petitioners held not entitled to the deduction of an item listed as "miscellaneous contributions" in the absence of proof as to the amounts making up the total or identifying the recipients, and not entitled to the deduction of Oklahoma cigarette and tobacco tax, sewer service charge and business club dues. Further held, that petitioners are not entitled to the deduction of an amount representing Oklahoma sales taxes in excess of the sum allowed by the respondent. An amount paid in the taxable year by the petitioners in excess of the sales price of certain household appliances purchased on the installment basis and representing the charge made for the deferment of payment of the balance of the purchase price over a state period, held, under the facts, to be interest and deductible as such. Malcolm E. Rosser, Esq., for the petitioners. John P. Higgins, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax for the calendar year 1948 against the petitioners in the sum of $56.80. The deficiency arises through the disallowance by respondent of deductions taken by the petitioners, *239 alleged to represent contributions, interest, sales taxes, Oklahoma cigarette and tobacco tax, sewer tax, loss by theft, entertainment expense for business purposes and business club dues. Respondent's action in making such disallowances is assigned as error. The proceeding was heard at Muskogee, Oklahoma, on May 10, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding and neither of the parties hereto has filed exceptions to such findings. Upon examination, we approve the Commissioner's findings and hereby adopt and include them herein as our findings of fact. The petitioners are husband and wife and residents of Muskogee, Oklahoma. They filed, for the taxable year in question, a joint return with the collector of internal revenue for the district of Oklahoma. The facts with respect to each item of deduction disallowed and our conclusion thereon will be stated separately. Contributions Respondent has disallowed *240 deductions claimed for contributions of $104 to petitioners' church and $25 as representing "miscellaneous contributions." On hearing, respondent conceded that the amount of $104 as church contributions was established and allowable. The item of $25 deducted as "miscellaneous contributions" is not sustained by the evidence. Neither is the amount of an individual contribution entering into the total shown, nor is there evidence as to the recipients of the payments claimed to have been made. The only witness, petitioner Virginia L. McKenzie, frankly admitted her lack of recollection as to individual contributions making up this total. Under those conditions, the action of respondent in his disallowance of this item of $25 is sustained. Interest Petitioners deducted $88.90 upon their return as representing interest paid, which sum was disallowed by respondent. The facts establish that of the total amount of interest, $25 was interest on money borrowed from the Federal Credit Union of the Veterans' Administration, Muskogee, Oklahoma. This interest payment is clearly allowable as a deduction and respondent does not contest this on brief. The remaining portion of the deduction, $63.90, *241 represents the excess over the price charged on certain purchases made by petitioners on the installment plan. It appears that during the taxable year they purchased certain household furniture and effects including a radio $299for, a stove, $139, refrigerator, $239, and miscellaneous items of furniture for approximately $161. Under the contract of sale a charge was made for the privilege of deferring payment, of which charge petitioners paid $63.90 during the taxable year. How this additional charge was denoted on the contract of sale, as interest or "carrying charges", does not appear. The respondent contends that this amount is not subject to deduction as interest as there is no definite showing that it in fact represented a charge of this character. It definitely appears that the charge in question was one paid by these petitioners in connection with a bill for a lesser amount, as a charge made for deferring payment over a period of time. Such charges are usual and customary and are computed upon the basis of the amount of the deferred payment and the period of time over which it is to be made. Under such circumstances, we think the charge is one representing interest on the *242 portion of the indebtedness represented by the sales price of the articles purchased, and held that petitioners are entitled to this deduction. Sales Taxes Petitioners deducted $55.42 as representing Oklahoma sales taxes paid on purchases covering living expenses, clothing, food, etc. They kept no account, either of the amount of such purchases or the amount of taxes paid. Their calculation is a pure estimate. Of the sum claimed, the respondent disallowed the amount of $18.46 and allowed the balance of the deduction. From the evidence, we think it evident that the estimate of the petitioners of the amount paid by them for items subject to Oklahoma sales tax was erroneous, and we agree with the finding of the Commissioner that the action by respondent in reducing the amount claimed for Oklahoma sales taxes was not shown to be in error. It is not established that the petitioners are entitled to the deduction of any amount in excess of the amount allowed. On this issue we sustain the respondent. Oklahoma Cigarette and Tobacco Taxes The petitioner Arthur S. McKenzie, during the taxable year, purchased and smoked cigars and his wife, cigarettes. On the return they deducted the *243 sum of $50.45 alleged to represent the Oklahoma State cigarette and tobacco taxes which had been paid upon cigars and cigarettes prior to their purchase by the petitioners. They claimed this deduction as one allowable under section 23 (c)(3), Internal Revenue Code. In Louis M. and Leora R. Roth, 17 T.C. - (March 7, 1952), we held, under similar circumstances, that the deduction of the Oklahoma cigarette and tobacco tax is not an allowable deduction to the consumer. Respondent is sustained upon his disallowance of this item. Sewer Service Charge Petitioners have deducted $6 paid during the taxable year as representing a "sewer tax" levied by the City of Muskogee. The record shows that this charge was one levied under City Ordinance No. 1633 and is not a tax but a service charge for use of the city sewer system. Sharp v. Hall, 198 Okla. 678, 181 P. 2d 972. It is a personal expense and not subject to deduction. Theft Loss and Entertainment Expense Included among the items disallowed by the respondent in determining the deficiency were $26.95 representing a loss occasioned by the theft of an Indian blanket from petitioners' parked car, and *244 $17.50 representing the cost of Christmas cards and postage thereon. These cards were sent to certain customers of petitioner Virginia L. McKenzie for advertisement and good will purposes. On brief, respondent concedes that the deduction of both of these items is proper. Business Club Dues The petitioners deducted $5 representing Chamber of Commerce dues paid during the taxable year by the petitioner Arthur S. McKenzie. This petitioner was, during that year, employed as a clerk-typist by the Veterans' Administration. The record fails to show any connection between his employment and his membership in the Junior Chamber of Commerce. The expenditure was not shown to have been one necessary to the performance of the duties for which he was paid or to have been required by his employer. Under such circumstances, this expenditure must be held to be a personal one and not subject to deduction. Decision will be entered under Rule 50.